# GOLDA COHN v. FREDERICK BRINKMANN.[1]

May 24, 1912.

Nos. 17,543—(109).

**Specific performance.**

*Held:* The complaint in an action for specific performance of a contract to

[1] Reported in 136 N. W. 1133.

convey real estate did not state a cause of action for the relief asked or for any other relief. Plaintiff's "interest" in the land she was to convey to defendant was lost, but not through any breach of the contract by defendant. [Reporter.]

Action in the district court for Hennepin county for the specific performance of a contract for the exchange of real estate. The case came on for trial before Dickinson, J., and upon motion of defendant the action was dismissed on the ground the complaint did not state facts sufficient to constitute a cause of action. From the judgment entered pursuant to the order of dismissal, plaintiff appealed. Affirmed.

*Lester W. Crawhall* and *Winthrop & Crawhall,* for appellant.

*G. A. Westphal* and *Ernest W. Lonquist,* for respondent.

PER CURIAM.

This is an action for specific performance of a contract to convey real estate in Minneapolis. On the trial, defendant objected to the introduction of any evidence on the ground that the complaint did not state a cause of action. This objection was sustained, and the case dismissed. Judgment was entered, and plaintiff appealed.

The question before us is whether a cause of action is stated in the complaint. A statement of its allegations would be of no value. We are satisfied after a careful examination, that the complaint shows on its face that plaintiff is entitled to no relief.

The contract was for an exchange of properties. Plaintiff's "interest" in land in Wilkin county that she was to convey to defendant in exchange for the lot in Minneapolis, was merely the right to a deed from the owner of the land on the payment of some $6,600 on or before July 20, 1910. It was apparently contemplated that part of this money should be raised on mortgages to be given by plaintiff on the Minneapolis property after it was conveyed to her by defendant. But the complaint shows that plaintiff's interest in the Wilkin county land disappeared on July 20, and not, as we view the complaint, through any breach of the contract by defendant. The mortgages provided for by the contract were not given, and plaintiff lost all interest in the land she agreed to convey to defendant. To decree specific performance under these conditions would be to give plaintiff a valuable property for nothing whatever in return. Certainly a court of equity will refuse its aid to such a result. The complaint fails to state a cause of action for the relief asked or for any other relief.

Affirmed.